UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CADDO SYSTEMS, INC., and 511 TECHNOLOGIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SIEMENS AKTIENGESELLSCHAFT (AG), and SIEMENS INDUSTRY, INC., <br><br> Defendants. | Case No. 1:20-cv-5927 <br><br> Judge Thomas D. Durkin <br> Magistrate Judge Susan E. Cox |

**MEMORANDUM OPINION AND ORDER**

For the reasons discussed below, Plaintiff's Motion to Compel [dkt. 112] is denied. The parties are ordered to file a joint status report on 8/12/2021 informing the Court whether they anticipate any additional discovery disputes related to the licensing issue, or if the Court can close its referral.

**I.  Background**

Caddo Systems, Inc. and 511 Technologies, Inc. (collectively, "Plaintiffs") brought the instant suit against Siemens Industry, Inc. ("Defendant") alleging patent infringement of several patents for an "Active Path Menu Navigation System" owned by Plaintiffs. [Dkt. 41 at ¶¶ 1, 22-32.] In a separate suit, Plaintiffs sued Microsoft alleging infringement of the same family of patents. [Dkt. 114 at 1.] The Microsoft suit settled, and as part of the settlement agreement Plaintiffs granted Microsoft a license on the relevant patents; Defendant contends it is a third-party beneficiary to that licensing agreement and, therefore, not liable for infringement arising from use of Plaintiffs' patented technology. [Dkt. 88 at 9-14.]

In May 2020, Defendant's in-house counsel, Frank Nuzzi, contacted Plaintiffs' outside counsel, Alex Chan, to coordinate production of the licensing agreement for Defendant's review.

1

[Dkt. 113-10.] In order to effectuate the production, Plaintiffs needed Microsoft's consent to share the licensing agreement; the parties received Microsoft's consent and Microsoft's in-house counsel, Mark Taylor, shared the licensing agreement with Mr. Nuzzi and had a brief email exchange.

On June 24, 2021, Plaintiff's issued a 30(b)(6) deposition notice to Defendant that included Topic Number 4, which called for "Documents and Communications between You and Microsoft relating to the Patents-in-Suit and/or the Accused Instrumentalities." [Dkt. 113 at 2.] Defendant contends that Topic Number 4 calls for testimony protected by the work product privilege. [Dkt. 113 at 2.] Plaintiffs assert that the communications between Microsoft, Plaintiffs, and Defendant regarding the production of the licensing agreement constitute a waiver of the work product privilege for any communications Defendants had with Microsoft regarding the licensing agreement. [Dkt. 113 at 3.]

On July 7, 2021, the deposition of Neil Rhodes, Defendants' 30(b)(6) witness, went forward; the parties could not reach an agreement regarding the work product privilege as it pertained to Mr. Rhodes's testimony, and the District Judge advised the parties to file the necessary motions to resolve the issue. [Dkt. 113 at 3-4.] Two days after the deposition, Defendants produced a privilege log claiming work product privilege over 10 emails between Mr. Nuzzi and Mr. Taylor.[1] Plaintiff filed the instant motion to compel testimony [dkt. 112] on July 13, 2021, which was then referred to this Court by the District Judge; the motion is fully ripe and ready for disposition.

**II.  Analysis**

Plaintiffs posit two arguments in support of their motion: 1) Defendant waived work

---

[1]  The Court requested and received these documents for *in camera* review.

product privilege over the communications with Microsoft by including Plaintiffs on certain communications between the Microsoft, Plaintiffs, and Defendant; and 2) attorney work product protection is inappropriate because Defendant has put the license "at issue" in the case. As discussed more fully below, the Court rejects both arguments and denies Plaintiffs' motion.

### A. Waiver

Defendant has not waived the work product privilege through its communications with Plaintiffs and/or Microsoft. The attorney work product privilege "protects documents prepared by attorneys in anticipation of litigation for the purpose of analyzing and preparing a client's case." *Miller UK Ltd. v. Caterpillar, Inc.*, 17 F. Supp. 3d 711, 734 (N.D. Ill. 2014) (citing *Sandra T.E. v. South Berwyn School Dist. 100*, 600 F.3d 612, 618 (7th Cir.2010)). "The core of attorney work product consists of 'the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.'" *Id.* (citing Fed. R. Civ. P. 26(b)(3)(B)). Communications with a third party will destroy the attorney-client privilege because the goal of that privilege is to foster free and frank discussion with counsel to ensure "informed legal assistance." *Id.* at 735-36. Work product privilege is a distinct privilege with a different goal; it seeks to protect the confidentiality of counsel's papers and mental impressions created in anticipation of litigation. *Id.* at 736. "Because the work-product doctrine serves to protect an attorney's work product from falling into the hands of an adversary, a disclosure to a third party does not automatically waive work-product protection," and waiver only "occurs 'when the protected communications are disclosed in a manner that substantially increase[s] the opportunity for potential adversaries to obtain the information.'" *Id.* (quoting *Appleton Papers, Inc. v. E.P.A.*, 702 F.3d 1018, 1025 (7th Cir.2012)).

As a threshold matter, the Court finds that most of the documents on the privilege log do not constitute attorney work product and should be produced. Entries 1-7 do not contain any

3

attorney work product at all. They contain no "mental impressions, conclusions, opinions, or legal theories" concerning the litigation and do not even contain any relevant facts learned during the investigation. *See* Fed. R. Civ. P. 26(b)(3)(B). Entries 8-10 should also be produced, albeit in a redacted form. The email from Mr. Nuzzi to Mr. Taylor on May 27, 2020 at 9:04 a.m. contains work product and should be redacted in its entirety, and the first clause of the second sentence in the email from Mr. Taylor to Mr. Nuzzi on May 27, 2020 at 9:22 a.m. should also be redacted;[2] the remainder of those emails can be produced.

Having determined the emails contain work product, the Court holds that Defendant has not waived work product protection over these communications. First, the communications between Plaintiffs, Defendant, and Microsoft that Plaintiffs cite as proof of waiver are innocuous courtesy emails attempting to facilitate production of the licensing agreement to Defendant for use in this case. They do not contain anything approaching attorney work product and cannot reasonably be read as waiving any privilege over the substantive opinions of counsel as it relates to the subject matter in the license agreement. Second, the Court does not believe that disclosing counsel's mental impressions to Microsoft substantially increases the likelihood Plaintiffs could obtain that information. The cases that have found disclosures to third parties as a waiver of work product privilege concerned disclosures that were significantly more public than an email exchange between two in-house lawyers. *See Woodard v. Victory Records, Inc.*, 2014 WL 2118799, at *9 (N.D. Ill. May 21, 2014) (collecting cases). The Court finds Defendant has not waived the work product privilege as it relates to counsel's opinions surrounding the licensing agreement and the Court denies the motion on that issue.

---

[2] The clause begins with the word "it" and ends with the word "product." That clause reflects a recitation of Mr. Nuzzi's mental impressions and should be protected. The rest of email contains Mr. Taylor's opinions, and there is no indication those were created in anticipation of litigation or should be protected as work product in this suit.

B.     "At Issue" Doctrine

The "at issue" doctrine is not applicable in this case. The "at issue" waiver doctrine applies "when a party chooses to utilize protected information to advance a claim or defense." *Sloan v. Zurn*, 2012 WL 1237744, at *6 (N.D. Ill. Apr. 12, 2012) (citing *Beneficial Franchise Co., Inc. v. Bank One, N.A.,* 205 F.R.D. 212, 215-17 (N.D. Ill. 2001)). The principle behind the doctrine is "that a party should not be able to selectively disclose privileged information that it believes works to that party's advantage, while concealing the rest." *Beneficial Franchise,* 205 F.R.D. at 216.

The central problem with Plaintiffs' argument is that Defendant has not chosen to utilize any protected information or selectively disclose privileged communications to its benefit in this litigation. The communications that form the basis of Plaintiffs' arguments are anodyne emails arranging Microsoft's consent to produce the licensing agreement. They do not contain any protected information or attorney work product, and Defendant has not used them to advance any defense in this case.

Moreover, this is not the context in which the "at issue" waiver typically applies. Usually, the "at issue" doctrine arises where a party affirmatively puts its counsel's opinions into the case to prove its claims or defenses. *See, e.g., Beneficial Franchise,* 205 F.R.D. at 214 ("at issue" doctrine applied where party indicated that counsel's "opinions formed a basis for its equitable estoppel defense"). That is not the case here. Defendant has not relied on advice of counsel to defend this suit, made a claim for equitable estoppel, or otherwise disclosed its counsel's opinions to defend the instant suit. As such, the "at issue" doctrine is not applicable and the Court rejects Plaintiff's arguments.

Finally, Plaintiffs argue Defendant has "placed [Plaintiffs'] license with Microsoft at issue by contending that [Defendant] is a direct third-party beneficiary to that license." [Dkt. 113 at 6.]

5

If the Court were to accept this application of the "at issue" doctrine, it would render the attorney work product privilege a nullity. While it is true Defendant has put the license at issue in this case and asserted it is a third-party beneficiary to that license agreement, that is nothing more defending the case. Defendant has not relied on disclosing its attorney's conclusions or mental impressions in mounting that defense. Although any legal argument is synthesized from a lawyer's opinions and conclusions, asserting a legal theory in defense of a claim is not tantamount to putting Defendant's in-house counsel's conclusions, opinions, and mental impressions "at issue." By Plaintiff's logic, any time a party asserted a legal theory, counsel's conclusions would be "at issue" and the work product privilege would be practically destroyed. The Court will not extent the "at issue" doctrine that far and denies Plaintiffs' motion.

### III. Conclusion

For the reasons discussed herein, Plaintiff's Motion to Compel [dkt. 112] is denied. The parties are ordered to file a joint status report on 8/12/2021 informing the Court whether they anticipate any additional discovery disputes related to the licensing issue, or the Court can close its referral.

Entered: August 9, 2021

U.S. Magistrate Judge, Susan E. Cox