UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CADDO SYSTEMS, INC., and 511 TECHNOLOGIES, INC., | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:20-cv-5927 |
| v. | ) ) | Judge Thomas D. Durkin |
| SIEMENS AKTIENGESELLSCHAFT (AG), and SIEMENS INDUSTRY, INC., | ) ) ) | Magistrate Judge Susan E. Cox |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

For the reasons discussed below, Plaintiff's Motion to Compel [dkt. 112] is granted. However, Plaintiffs' questioning of Defendant's 30(b)(6) witness is limited to two hours.

**I.      Background**

Caddo Systems, Inc. and 511 Technologies, Inc. (collectively, "Plaintiffs") brought the instant suit against Siemens Industry, Inc. ("Defendant") alleging patent infringement of several patents for an "Active Path Menu Navigation System" owned by Plaintiffs. [Dkt. 41 at ¶¶ 1, 22-32.] In a separate suit, Plaintiffs sued Microsoft alleging infringement of the same family of patents. [Dkt. 114 at 1.] The Microsoft suit settled, and as part of the settlement agreement Plaintiffs granted Microsoft a license on the relevant patents; Defendant contends it is a third-party beneficiary to that licensing agreement and, therefore, not liable for infringement arising from use of Plaintiffs' patented technology. [Dkt. 88 at 9-14.]

In May 2020, Defendant's in-house counsel, Frank Nuzzi, contacted Plaintiffs' outside counsel, Alex Chan, to coordinate production of the licensing agreement for Defendant's review. [Dkt. 113-10.] In order to effectuate the production, Plaintiffs needed Microsoft's consent to share the licensing agreement; the parties received Microsoft's consent and Microsoft's in-house

1

counsel, Mark Taylor, shared the licensing agreement with Mr. Nuzzi and had a brief email exchange.

On June 24, 2021, Plaintiffs issued a 30(b)(6) deposition notice to Defendant that included Topic Number 4, which called for "Documents and Communications between You and Microsoft relating to the Patents-in-Suit and/or the Accused Instrumentalities." [Dkt. 113 at 2.] On July 7, 2021, the deposition of Neil Rhodes, Defendants' 30(b)(6) witness, went forward; the parties could not reach an agreement regarding the work product privilege as it pertained to Mr. Rhodes's testimony, and the District Judge advised the parties to file the necessary motions to resolve the issue. [Dkt. 113 at 3-4.] Two days after the deposition, Defendant produced a privilege log claiming work product privilege over 10 emails between Mr. Nuzzi and Mr. Taylor. Plaintiffs filed a motion to compel testimony [dkt. 112], which this Court denied. Although that motion primarily concerned whether Defendant had waived the attorney work product privilege, the Court reviewed some of the purportedly protected material, found that some of the emails did not contain attorney work product, and ordered Defendant to produce those documents. [Dkt. 121 at 4.] Most relevant to the instant motion, the Court found that an email from Mr. Taylor to Mr. Nuzzi was not protected because there was "no indication [Mr. Taylor's opinions] were created in anticipation of litigation," because they were communicated after Microsoft had already settled its suit against Plaintiffs. [Dkt. 121 at 4 n.2.]

A week after this Court's prior order, Plaintiffs issued a second Rule 30(b)(6) deposition notice which included two topics: Topic Number 1: "Documents and Communications between [Defendant] and Microsoft relating to the Patents-in-Suit and/or Accused Instrumentalities that are not subject to attorney work product privilege . . ."; and Topic Number 2: "Documents, Communications, and opinions expressed by Microsoft to [Defendant] regarding the Patents-in-Suit and Accused Instrumentalities, that are not subject to attorney work product privilege . . . ."

2

[Dkt. 128 at 3.] Defendant has opposed the second 30(b)(6) motion, and Plaintiffs filed the instant motion to compel. For the reasons discussed below, the Court grants the motion.

## II. Analysis

Defendant raises several arguments in opposition to Plaintiffs' motion, all of which the Court rejects as discussed below. First, Defendant argues that this Court has already essentially denied the instant motion it is previous order denying Plaintiffs' motion to compel. The Court disagrees. The previous attempt to conduct a 30(b)(6) deposition was disrupted when the parties could not agree on whether the work product privilege had been waived. The prior motion and the Court's subsequent decision related to that discrete issue and did not determine whether the deposition could go forward. The Court does not believe that its prior ruling precluded the 30(b)(6) deposition from proceeding, and rejects this argument. Of course, Defendant may continue to object to questioning on the basis of the attorney work product privilege, where appropriate, but the deposition may go forward.

Second, Defendant asserts that it provided all relevant, non-privileged information pertinent to the aforementioned deposition topics in Defendant's verified responses to Plaintiffs' interrogatories. Plaintiffs' Interrogatories 1 and 2 sought the same information as Topics 1 and 2. Defendant's responses to Interrogatories 1 and 2 stated that Mr. Nuzzi "does not have any further documents or information and has no other recollection of oral statements that Mark Taylor told him other than what [Defendant] has produced to Plaintiffs." [Dkt. 131 at 5.] Plaintiffs are entitled to probe this response at a deposition if they choose to do so. In their reply brief, Plaintiffs have raised some evidence that they believe sheds doubt on whether Defendant's response to the interrogatories is complete. While the Court recognizes that Plaintiffs are unlikely to yield much useful information in light of the interrogatory responses, the Federal Rules of Civil Procedure give Plaintiffs the right to question a corporate representative about relevant matters and bind the

3

corporation with that testimony, and the Court will not curtail that right based on Defendant's interrogatory responses.

Third, Defendant contends that "Plaintiffs are effectively seeking opposing litigation counsel's testimony" and that doing so is inappropriate. [Dkt. 131 at 4.] This is easily disposed with; the notice of deposition is for a corporate representative pursuant to 30(b)(6) and not for Defendant's attorney. Although the knowledge of the conversations with Microsoft primarily belongs to Mr. Nuzzi, inhouse counsel for Defendant, it is well-established that a 30(b)(6) witness need not have personal knowledge of the relevant topics, provided that the witness can be adequately prepared to provide testimony to bind the corporate party. *See PPM Finance, Inc. v. Norandal USA, Inc.*, 297 F. Supp. 2d 1072, 1085-86 (N.D. Ill. 2004).[1] Moreover, to the extent any question calls for testimony that would include attorney work product, Defendant is certainly allowed to object to such questions and instruct the witness not to answer, pursuant to Rule 30(c)(2). The Court does not believe the Rule 30(b)(6) notice is an attempt to depose counsel, and rejects this argument.

Fourth, Defendant maintains that the deposition targets work product information. The Court disagrees. The deposition topics specifically disclaim any work product and appear limited to a factual investigation into the opinions that Microsoft expressed to Defendant. That is the extent of the allowable information under Topics 1 and 2 – what did Microsoft say to Defendant? Any of Defendant's views regarding Microsoft's statements or impressions of Defendant's counsel

---

[1] This case is distinguishable from the other Northern District of Illinois cases cited by Defendant in its brief in opposition. In *SEC v. Buntrock*, 217 F.R.D. 441 (N.D. Ill. 2003), the 30(b)(6) notice was quashed because it necessarily called for information regarding the opposing party's internal investigations and opinions; in this case, the deposition topics do not attempt to mine the opinions of Defendant, but instead seek a factual recitation of what Microsoft (a third party in this suit) communicated to Defendant. As such, it does not run the same risk of having the proposed testimony being tainted with counsel's mental impressions and analysis. *Friendship Village of Mill Creek v. Philadelphia Ins. Co.*, 2016 WL 3702680 (N.D. Ill. Jan. 6, 2016) is also inapplicable because that case considered the appropriateness of Rule 45 subpoenas served direct on outside counsel.

would constitute attorney work product and be protected. Further, as noted above, the Court has already ruled that Defendant's work product privilege is intact; to the extent Plaintiffs' questioning drifts too far afield, Defendant is within its rights to object to the questioning and instruct its witness not to answer.

Finally, Defendant argues that the deposition testimony is not proportional to the needs of the case. The Court finds this argument somewhat persuasive, and limits the total time for Plaintiffs to question Defendant's 30(b)(6) witness to two hours.[2] The Court has some doubts about the value of the testimony that Plaintiffs will unearth in the 30(b)(6) deposition. Mr. Nuzzi has stated that he has no recollection of anything Microsoft told him, and the Court has no reason to doubt that. Considering Defendant's response to Plaintiffs' interrogatories, it does not appear that Mr. Nuzzi's knowledge will shed much light on Microsoft's opinions or its statements to Defendant. However, Plaintiffs have outlined some factual discrepancies they claim to have found between Defendant's interrogatory responses and the documents produced in this case. Plaintiffs should be allowed to probe those supposed inconsistencies at a deposition. Additionally, it appears much of the testimony may be inadmissible as extrinsic evidence that would be irrelevant to interpreting the language of the licensing agreement, and Microsoft's statements to Defendant may very well be hearsay that will not be admissible at trial and cannot be considered on a motion for summary judgment.[3] Although evidence need not be admissible to be discoverable under Rule 26(b)(1), the concerns relating to admissibility and likely benefit – or lack thereof – of the deposition testimony support the Court's decision to limit the amount of time that Plaintiffs' will

---

[2] To be clear, this time limit only applies to the amount of time Plaintiffs may question Defendant's witness. This does not include Defendant's time spent on re-direct questioning.

[3] The Court is not ruling on the admissibility of any evidence. That question is left to the sound discretion of the District Judge.

be allow to depose the 30(b)(6) witness on Topics 1 and 2.[4]

### III.    Conclusion

For the reasons discussed below, Plaintiff's Motion to Compel [dkt. 112] is granted.

However, Plaintiffs' questioning of Defendant's 30(b)(6) witness is limited to two hours.

Entered: 10/13/2021

U.S. Magistrate Judge, Susan E. Cox

---

[4] The Court will not award fees or costs pursuant to Rule 37(b)(2).  Plaintiffs have not cited any Court order that Defendant disobeyed by file a timely objection to producing a 30(b)(6) witness.