NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CADDO SYSTEMS, INC., 511 TECHNOLOGIES, INC.,**
*Plaintiffs-Appellants*

v.

**SIEMENS AKTIENGESELLSCHAFT (AG), SIEMENS INDUSTRY, INC.,**
*Defendants-Appellees*

---

2022-1623

---

Appeal from the United States District Court for the Northern District of Illinois in No. 1:20-cv-05927, Judge Thomas M. Durkin.

---

Decided: September 22, 2023

---

ALEX CHAN, Devlin Law Firm LLC, Wilmington, DE, argued for plaintiffs-appellants. Also represented by TIMOTHY DEVLIN.

KRISTIN L. CLEVELAND, Klarquist Sparkman, LLP, Portland, OR, argued for defendants-appellees. Also represented by SARAH ELISABETH JELSEMA; SALUMEH LOESCH, Scale LLP, San Francisco, CA.

Case: 1:20-cv-05927 Document #: 74 Filed: 09/27/23 Page 2 of 23 PageID #:4148
Case: 22-1623    Document: 62    Page: 2    Filed: 09/27/2023

2 CADDO SYSTEMS, INC. v. SIEMENS AKTIENGESELLSCHAFT (AG)

Before MOORE, *Chief Judge*, REYNA and TARANTO, *Circuit Judges*.

TARANTO, *Circuit Judge*.

This is a patent-infringement action by Caddo Systems, Inc. and 511 Technologies, Inc. (collectively, Caddo) against Siemens Aktiengesellschaft (AG) and Siemens Industry, Inc.[1] The district court entered summary judgment for Siemens Industry based on an agreement between Caddo and Microsoft settling earlier litigation. *Caddo Systems, Inc. v. Siemens Aktiengesellschaft (AG)*, No. 20 C 05927, 2022 WL 444134 (N.D. Ill. Feb. 11, 2022) (*Caddo I*). The district court then dismissed Caddo's complaint against Siemens AG for lack of personal jurisdiction. *Caddo Systems, Inc. v. Siemens Aktiengesellschaft (AG)*, No. 20 C 05927, 2022 WL 704779 (N.D. Ill. Mar. 9, 2022) (*Caddo II*). Caddo timely appeals both rulings. We have jurisdiction under 28 U.S.C. § 1295(a)(1). We affirm both rulings.

Caddo asserted six related patents: U.S. Patent Nos. 7,191,411; 7,216,301; 7,640,517; 7,725,836; 8,352,880; and 10,037,127. The '411 patent was the earliest, and all later ones derive from it. Caddo has summarized the asserted patents as "directed towards claim methods for navigating an information structure by, for example, providing a graphical user interface displaying and enabling the selection of an 'active path' and 'active links' once the 'active path' and the 'active links' are 'automatically constructed.'" J.A. 2362. Alleging infringement, Caddo accused two

---

[1] The original complaint named Siemens Digital Industries Software, Inc., but that company was replaced, through an amended complaint, by Siemens Industry, Inc.

Case: 1:20-cv-21623 Document: 74-2 Filed: 09/27/2023 Page: 3 of 6 PageID #:4149

CADDO SYSTEMS, INC. v. SIEMENS AKTIENGESELLSCHAFT (AG)    3

products: Siemens Industry's Desigo CC software and Siemens AG's website.  J.A. 2418–19.

The summary-judgment record concerning Siemens Industry showed the following: In Desigo CC, the accused functionality is provided by the "RadBreadcrumb" software supplied to Siemens Industry "by third-party software provider Telerik."  *Caddo I*, at *3; *see* J.A. 2404.  RadBreadcrumb is "built on top of" certain Microsoft software—the .NET framework and its subsystem, Windows Presentation Foundation (WPF).  J.A. 2406, 2410; *see Caddo I*, at *3.  .NET and its WPF component act as an application-development platform and provide "a collection of libraries that contribute to creating user interface applications in . . . the Microsoft environment."  J.A. 2386; *see Caddo I*, at *3.  Although .NET, standing alone, does not provide the accused functionality, RadBreadcrumb uses .NET to render all RadBreadcrumb's visual components (*e.g.*, boxes, links, and menu items) for display on a computer screen and to detect all user interactions with the computer, including via keyboard or mouse.  J.A. 2387–93; *see Caddo I*, at *3.  The district court, summarizing the record, stated that the corporate representatives of both Siemens Industry and Telerik "testified that RadBreadcrumb will not work without Microsoft technology"—specifically, without .NET—and Caddo "cited to no evidence contradicting these facts."  *Caddo I*, at *5; *see* J.A. 2413–14; J.A. 2387–93.

Before the present action was filed, litigation between Microsoft and Caddo was resolved by a "Settlement and License Agreement" dated April 18, 2017.  J.A. 2366–67.  That Settlement Agreement contains license, release, and covenant-not-to-sue provisions that limit Caddo's actions regarding, among other things, the Caddo patents at issue here and certain third-party (non-Microsoft) products.  As relevant here, the key definitional provision, § 1.5(b), reaches third-party products "to the extent that they are combined with, used with or aggregated with [a Microsoft product], but only the portion of such combination, usage

or aggregation that consists of or uses [a Microsoft product]." J.A. 2367.

Siemens Industry moved for summary judgment on the ground that the Settlement Agreement protected it from the infringement liability Caddo alleged. J.A. 1719, 1722–43. Siemens Industry pointed to extensive record evidence demonstrating that the entirety of RadBreadcrumb—the accused instrumentality—uses and, indeed, would not function without .NET. *See*, *e.g.*, J.A. 1730–1736, 1739, 1740–43; *see also* J.A. 2413–14, 2387–93. The district court granted Siemens Industry's motion. *Caddo I*, at *7. The court concluded that the summary-judgment record required a finding that "RadBreadcrumb's source code accomplishes [the accused functionality] by using various pieces of .NET" and that "RadBreadcrumb will not work without Microsoft technology." *Id.* at *5. The court held that RadBreadcrumb "is 'combined with' or 'used with' Microsoft technology, if not both," bringing it within the Settlement Agreement's § 1.5(b) coverage, *id.*, and that the Settlement Agreement therefore protected Siemens Industry from this action through its license, release, and covenant-not-to-sue provisions, *id.* at *6.

We affirm that ruling. Caddo's main argument on appeal of that ruling invokes § 1.5(b)'s limitation of the Settlement Agreement's scope (as relevant here) to "only the portion" of a third-party product "that consists of or uses" a Microsoft product. Caddo's Opening Br. at 14–28. Caddo argues that only a "portion," and not the entirety, of RadBreadcrumb "consists of or uses" .NET. *Id.* at 15–17. We reject this argument.

To justify our setting aside the summary judgment ruling for this reason, Caddo had to show on appeal, at the least, that it presented to the district court (in its opposition to the motion for summary judgment) evidence of a portion of the accused functionality of RadBreadcrumb that did not use .NET, where the presented evidence

created a triable issue in the face of Siemens Industry's assertion and evidence that all of the accused functionality used .NET. Caddo failed to do so. The only relevant passages from Caddo's opposition to the summary-judgment motion cited to this court are J.A. 2350–51, cited in Caddo's Reply Brief at 2–4, and J.A. 2347, cited in response to questioning at the oral argument (at 21:30–52). Those cited passages do not identify the needed evidence: J.A. 2350–51 cites no relevant record evidence of RadBreadcrumb features, and neither does J.A. 2347, which merely asserts deficiencies in some testimonial evidence cited by Siemens Industry. Neither passage refers to evidence of a portion of RadBreadcrumb that does not "use" .NET for the accused functionality—even though Caddo, as a party to the Settlement Agreement, was well-positioned to understand the Agreement's terms and to produce the crucial evidence if it existed.

In these circumstances, even aside from whether Caddo adequately preserved its present "portion" contention in the district court, Caddo has not shown that the district court erred in granting summary judgment. "[W]here a non-moving party denies a factual allegation by the party moving for summary judgment, that denial must include a specific reference to the affidavit or other part of the record that supports such a denial." *Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817 (7th Cir. 2004); *see also Cummins, Inc. v. TAS Distributing Co.*, 700 F.3d 1329, 1334–35 (Fed. Cir. 2012) (applying regional circuit law on the standard of review for summary-judgment rulings). Caddo has not shown on appeal that it met the standard to avoid summary judgment finding coverage by § 1.5(b). And we conclude, as the district court did, that coverage by § 1.5(b) bars Caddo from succeeding in this infringement case. *See Caddo I*, at *6 & n.3 (applying release, license, and covenant-not-to-sue provisions and noting reasons why § 4.4 does not save Caddo's lawsuit against Siemens Industry given that § 1.5(b) applies).

We also affirm the district court's grant of Siemens AG's motion to dismiss for lack of personal jurisdiction. Siemens AG is a German company, organized and existing under German law, with principal places of business in Munich and Berlin, and it has had no U.S. offices, no U.S. places of business, and no U.S. employees since at least February 2020, before this suit commenced. *Caddo II*, at *1; J.A. 807–08. Siemens AG's website was developed and is maintained and hosted outside the United States, and the website does not provide a direct means to buy products from or sell products to Siemens AG. *Caddo II*, at *2, *6–7; J.A. 810, 1129. For those reasons, and for others recited by the district court, we see no error in the district court's conclusions, first, that there was no general personal jurisdiction over Siemens AG, *Caddo II*, at *5, relying on, *e.g.*, *Daimler AG v. Bauman*, 571 U.S. 117 (2014), and, second, that there was no specific personal jurisdiction based on the accused conduct—the operation of the Siemens AG website, *Caddo II*, at *6–7, relying on, *e.g.*, *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285 (Fed. Cir. 2009), and *NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371 (Fed. Cir. 2017).

We have considered Caddo's remaining arguments and find no persuasive basis in any of them for setting aside the district court's rulings on appeal. For the foregoing reasons, we affirm the district court's decisions granting Siemens Industry's motion for summary judgment and granting Siemens AG's motion to dismiss.

**AFFIRMED**